IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20637
Summary Calendar
_____

ROBERT LEE HARTFIELD,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-1842

_____

April 18, 2001

Before JOLLY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Robert Lee Hartfield, Texas prisoner # 598534, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2254 application for writ of habeas corpus as successive. In the alternative, Hartfield moves for authorization to file a successive 28 U.S.C. § 2254 application, asserting that his claim of prosecutorial vindictiveness is based on newly discovered evidence.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hartfield fails to brief the issue whether the district court erred in dismissing his petition as successive and, therefore, has waived the only cognizable issue in his appeal. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999) (claims not argued in the COA application are waived), cert. denied, 120 S. Ct. 1003 (2000); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues must be properly briefed to be preserved for appeal). Because Hartfield has failed to show that jurists of reason would find it debatable whether the district court erred in dismissing his petition as successive, his request for a COA is DENIED. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

To obtain authorization to file a successive habeas corpus application, Hartfield must make a prima facie showing that his claims are based on a new rule of constitutional law, made retroactive on collateral review by the Supreme Court, that was previously unavailable, or are based on newly discovered evidence that could not have been discovered earlier with the exercise of due diligence and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found him guilty. 28 U.S.C. § 2244(b)(2), (3). Hartfield has not made such a showing. His alternative motion for authorization to file a successive 28 U.S.C. § 2254 application therefore is

D E N I E D.

2